## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| THE BIG GREEN EGG, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 1:09-CV-1577-RLV |
| | ) | |
| HEARTHSIDE DISTRIBUTORS, | ) | JURY TRIAL DEMANDED |
| FIREPLACE COMPANY, and | ) | |
| CLEVELAND GAS PRODUCTS | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO VERIFIED COMPLAINT AND COUNTERCLAIM

**COME NOW** the Defendants, Hearthside Distributors, Fireplace Company and Cleveland Gas Products, by and through their undersigned counsel, and for their Affirmative Defenses and Answer to Plaintiff's Verified Complaint, hereby state as follows:

### FIRST DEFENSE

Plaintiff's Verified Complaint against the Defendants should be dismissed as it fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Venue and jurisdiction in Georgia are improper.

1

## THIRD DEFENSE

The doctrines of laches, waiver and estoppel bar the Plaintiff's complaint.

## FOURTH DEFENSE

The doctrines of setoff and recoupment bar the Plaintiff's complaint.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

The Plaintiff has not filed this action within the appropriate statutes of limitation and therefore is barred from recovery, as the Plaintiff knew or should have known that the Defendant was selling Primo as of July 2006.

## SEVENTH DEFENSE

**NOW**, answering specifically the allegations of Plaintiff's Verified Complaint, and subject to and without waiving the affirmative defenses referenced above, Defendants state as follows:

1.     Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 1 and, consequently, effectively deny same.

2.     Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 2 and, consequently, effectively deny same.

3.     Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 3 and, consequently, effectively deny same.

4.     Defendants deny personal jurisdiction as Defendants are located in Tennessee and only have stores in Chattanooga, Tennessee and Cleveland, Tennessee.  The remaining allegations in paragraph 4 are hereby denied.

5.     Admitted.

6.     Defendants are without sufficient knowledge to either admit or deny proper venue and, consequently, effectively deny the allegations set forth in paragraph 6.

7.     Defendants are without sufficient knowledge to either admit or deny the Plaintiff's business affairs and, consequently, effectively deny the allegations set forth in paragraph 7.

8.     Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 8 and, consequently, effectively deny same.

9.     Admitted with the exception that www.hearthsidedirect.com is for informational purposes only and products may not be ordered from this site.

10.     Denied to the extent that Fireplace Company does not mention a place of business at Keith Street.  Admitted that Fireplace Company is the registrant for

3

hearthsidedistributors.com.  The remaining allegations in paragraph 10 are hereby denied.

11.   It is admitted that Defendant Cleveland Gas Company maintains places of business at 859 Keith Street NW, Cleveland, TN but not at 474 2nd Street SW, Cleveland, TN.  The remaining allegations in paragraph 11 are hereby denied.

12.   Denied.  However, it is admitted that a Georgia resident may purchase products from the Defendant, Hearthside Distributors' website.   The remaining allegations in paragraph 12 are hereby denied.

13.   Denied.

14.   Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 14 and, consequently, effectively deny same.

15.   Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 15 and, consequently, effectively deny same.

16.   Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 16.  However, Big Green Egg is sold over the internet by many dealers, including, but not limited to, the Sam's Club, High Country Outfitters, and Fines Gas.  The remaining allegations in paragraph 16 are hereby denied.

17.     Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 17 and, consequently, effectively deny same.

18.     Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 18 and, consequently, effectively deny same.

19.     Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 19 and, consequently, effectively deny same.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     It is admitted that the Plaintiff's last sales to Defendants were in June 2006.  However, the remaining allegations in paragraph 24 are hereby denied. Defendants further state that product pricing is routinely displayed on the World Wide Web by many Big Green Egg vendors.

25.     Admitted.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied with the exception that Defendants admit that they also sold Primo Smokers after Big Green Egg would not ship product.

30.     Denied as product may not be ordered directly from www.hearthsidedirect.com.

31.     The first sentence is admitted.  The remainder of the allegations in paragraph 31 are hereby denied.

32.     Denied.   Defendants do not advertise through Amazon.com. Defendants are without sufficient knowledge to know which search engines might indicate links.

33.     Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 33 and, consequently, effectively deny same.

34.     Denied.   No such letter is attached to the Complaint.   However, Defendants admit that the Plaintiffs sent a letter indicating they were unhappy with a comparison chart between Big Green Egg and Primo.

35.     Denied.  However, Defendants admit that they are still selling their current Big Green Egg inventory.  The remaining allegations in paragraph 35 are hereby denied.

36.     Denied.

37.     Denied.

38.   No response required.

39.   Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 39 and, consequently, effectively deny same.

40.   Denied.

41.   Denied.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   No response required.

50.   Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 50 and, consequently, effectively deny same.

51.   Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 51 and, consequently, effectively deny same.

52.   Denied.

53.   Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    No response required.

59.    Denied.

60.    Denied.

61.    Denied.

62.    No response required.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 66 and, consequently, effectively deny same.

67.    Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 67 and, consequently, effectively deny same.

68.    Denied.

69.    No response required.

70.    Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

**EXCEPT** as herein above set out, all other allegations, claims, or prayers for relief not specifically admitted or denied are hereby expressly denied.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Plaintiff's complaint with prejudice, with costs taxed against the Plaintiff.

## COUNTERCLAIM

**COME NOW** Defendants Hearthside Distributors and Cleveland Gas Products (hereinafter the "the Hearthside Defendants"), by and through undersigned counsel, and hereby assert the following Counterclaim against Plaintiff, respectfully showing the Court the following:

1.     The Hearthside Defendants were asked by Plaintiff The Big Green Egg, Inc.'s distributor to sell Big Green Egg products in or about 2001.

2.      The Hearthside Defendants have been selling The Big Green Egg, Inc.'s ("BGE") products since 2001.

3.      When the Hearthside Defendants became a distributor of BGE, no restrictions were placed on selling the product.

4.      The Hearthside Defendants' annual gross sales of BGE products were approximately $500,000 in 2006.

5.      Substantial inventory was at all times kept in stock by the Hearthside Defendants to service BGE's customers and their products.

6.      The Hearthside Defendants requested shipment by BGE of products already ordered by its customers in or about June, 2006.   The Hearthside Defendants had a purchase order in place for $29,000 worth of BGE products at this time.

7.      After several weeks, the BGE products had not arrived and customers were getting angry.

8.      The Hearthside Defendants made numerous calls and sent emails to BGE's sales manager Lou West and inquired about the order.  No one from BGE returned calls or emails to the Hearthside Defendants or otherwise indicated why product was not shipped.

9.     This unresponsiveness went on for approximately two (2) months at which time the Hearthside Defendants had no choice but to inform their customers that product was not available.

10.     BGE's unresponsiveness caused the Hearthside Defendants to lose many sales because they could not get product or accessories.

11.     At no time did BGE send the Hearthside Defendants notice that they could not sell BGE products or accessories.

12.     BGE became unhappy that the Hearthside Defendants were selling BGE products over the internet and on eBay, as these sales were competing with BGE's own internet sales.

13.     After the Hearthside Defendants had already been selling BGE products, BGE said that prices had to be posted on the internet at the manufacturer's suggested retail price (price fixing).   No discounts were to be shown on the internet.   This caused a substantial loss in sales to the Hearthside Defendants.

14.     Some time later, BGE authorized Sam's Club to sell BGE products over the internet at a discounted price, but would not allow the Hearthside Defendants to do the same, thereby causing a loss of sales for the Hearthside Defendants.

15.     BGE knew or should have known that under the Lanham Act Fair Use Doctrine and other applicable law that the Hearthside Defendants could lawfully sell their existing BGE products or accessories.

16.     BGE's actions (or lack thereof) and interferences caused the Hearthside Defendants to lose gross sales of approximately $500,000 per year.

17.     BGE knew or should have known that fixing prices is and was illegal.

18.     BGE intentionally fixed prices for "regular dealers" (including the Hearthside Defendants) at MSRP but allowed Sam's Club to sell at a discount.

19.     At no time did BGE inform the Hearthside Defendants that they were no longer a BGE dealer until the Hearthside Defendants complained that BGE was allowing Sam's Club to do all of the things they told the Hearthside Defendants they could not do.

20.     BGE deceptively induced the Hearthside Defendants into selling BGE products and then willfully and intentionally undercut the Hearthside Defendants' ability to sell the products in order to increase its profits through its own website and the Sam's website.

## COUNT I

### (Breach of Contract)

21.     Paragraphs 1 through 20 of the Hearthside Defendants' Counterclaim are incorporated by reference as if fully set forth herein.

22.     The Hearthside Defendants entered into a distributorship agreement with BGE (hereinafter the "Contract") whereby the Hearthside Defendants agreed to sell BGE products.

23.     The Hearthside Defendants fully and faithfully performed their obligations as a BGE distributor pursuant to the terms of the Contract.

24.     However, BGE failed to supply the Hearthside Defendants with the BGE products that were properly ordered by the Hearthside Defendants to meet the demands of their customers.

25.     BGE's failure to supply the Hearthside Defendants with BGE products, price fixing, and other illegal activities designed undercut the Hearthside Defendants' ability to sell BGE products were and are without legal cause or excuse and thus together constitute a substantial and material breach of the Contract.

26.     As a direct result of BGE's breach of the Contract, the Hearthside Defendants are entitled to recover damages from BGE in the principal amount of

One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000.00), or such other and further amount to be shown at trial.

## COUNT II

**(Common Law Unfair Competition)**

27.     Paragraphs 1 through 26 of the Hearthside Defendants' Counterclaim are incorporated by reference as if fully set forth herein.

28.     BGE deceptively induced the Hearthside Defendants into selling BGE products, entered into a valid distributorship agreement with the Hearthside Defendants, and then willfully and unfairly undercut the Hearthside Defendants' ability to sell the products in order to increase its profits through its own website and the Sam's website.

29.     As a direct result of BGE's blatant acts of unfair competition, the Hearthside Defendants are entitled to recover damages from BGE in the principal amount of One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000.00), or such other and further amount to be shown at trial.

## COUNT III

**(Intentional Interference with Prospective Business Advantage)**

30.     Paragraphs 1 through 29 of the Hearthside Defendants' Counterclaim are incorporated by reference as if fully set forth herein.

31.     Despite having entered into a valid distributorship agreement with the Hearthside Defendants, BGE engaged in price fixing by allowing the Hearthside Defendants' competitors to market BGE products at a discount while concurrently prohibiting the Hearthside Defendants to do the same.

32.     BGE willfully undercut the Hearthside Defendants' ability to sell the products in order to increase its profits through its own website and the Sam's website.

33.     BGE's price fixing activities constitute an intentional interference with the prospective business advantage earlier obtained by the Hearthside Defendants through their distributorship agreement with BGE.

34.     As a direct result of BGE's intentional interference with the Hearthside Defendants' prospective business advantage, the Hearthside Defendants are entitled to recover damages from BGE in the principal amount of One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000.00), or such other and further amount to be shown at trial.

## COUNT IV

### (Violation of the Georgia Uniform Deceptive Trade Practices Act –

### O.C.G.A. §10-1-370, *et seq.*)

35.     Paragraphs 1 through 34 of the Hearthside Defendants' Counterclaim are incorporated by reference as if fully set forth herein.

36.     BGE deceptively induced the Hearthside Defendants into selling BGE products, entered into a valid distributorship agreement with the Hearthside Defendants, and then later willfully engaged in a price fixing scheme in order to undercut the Hearthside Defendants' ability to sell BGE products.

37.     The price fixing scheme initiated and employed by BGE was intentionally designed to increase BGE's profits through its own website and the Sam's website, all to the detriment of the Hearthside Defendants.

38.     BGE's actions as outlined above are in direct violation of Georgia's Uniform Deceptive Trade Practices Act (O.C.G.A. §10-1-370, *et seq.*).

39.     As a direct result of BGE's blatant violations of O.C.G.A. §10-1-370, *et seq.*, the Hearthside Defendants are entitled to recover damages from BGE in the principal amount of One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000.00), or such other and further amount to be shown at trial.

## COUNT V

### (Bad Faith – O.C.G.A. §13-6-11)

40.     Paragraphs 1 through 39 of the Hearthside Defendants' Counterclaim are incorporated by reference as if fully set forth herein.

41.     Plaintiff BGE has acted and continues to act in bad faith, has been stubbornly litigious, and has caused the Hearthside Defendants to incur unnecessary trouble and expense associated with the resolution of this matter through judicial process.  The Hearthside Defendants have thus found it necessary to engage in the services of any attorney, and have agreed to pay a reasonable fee for such services, for which BGE is liable, along with all other and further costs of this action as provided by O.C.G.A. §13-6-11.

**WHEREFORE**, Defendants Hearthside Distributors and Cleveland Gas Products are entitled to and pray for relief as follows:

(a)     That the Court enter judgment in their favor and against Plaintiff The Big Green Egg, Inc. on Count I of the Counterclaim in the principal amount of One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000.00), or such other and further amount to be shown at trial; or, in the alternative,

(b)     That the Court enter judgment in their favor and against Plaintiff The Big Green Egg, Inc. on Count II of the Counterclaim in the principal amount of

One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000.00), or such other and further amount to be shown at trial; or, in the further alternative,

(c)     That the Court enter judgment in their favor and against Plaintiff The Big Green Egg, Inc. on Count III of the Counterclaim in the principal amount of One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000.00), or such other and further amount to be shown at trial; or, in the further alternative,

(d)     That the Court enter judgment in their favor and against Plaintiff The Big Green Egg, Inc. on Count IV of the Counterclaim in the principal amount of One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000.00), or such other and further amount to be shown at trial; and,

(e)     That the Court enter judgment in their favor and against Plaintiff the Big Green Egg, Inc. on Count V of the Counterclaim in the amount of its reasonable attorneys' fees along with all other and further costs of this action pursuant to O.C.G.A. §13-6-11; and,

(f)     That the Court award them pre-judgment interest on all sums awarded; and,

(g)     That the Court award them punitive damages for Plaintiff the Big Green Egg, Inc.'s intentional, unlawful and oppressive conduct; and,

(h)     That the Court order and award such other and further relief in their favor and against Plaintiff The Big Green Egg, Inc. as is necessary to effectuate the relief sought and as justice requires.

Respectfully submitted this 14th day of September, 2009.


                                                    BERKE, BERKE & BERKE

By: _____/s/ Mark D. Gropp_____          By: _____/s/ Valerie W. Epstein____
Mark D. Gropp                                       Valerie W. Epstein
GA Bar No. 313355                                   GA Bar No. 142146
Attorney for Defendants                             Attorneys for Defendants
300 Galleria Parkway, N.W., Suite                   420 Frazier Avenue
1000                                                P.O. Box 4747
Atlanta, Georgia 30339-5917                         Chattanooga, TN  37405
(770) 956-1700                                      423-266-5171 – telephone
mgropp@wshpc.net                                    423-265-5307 – facsimile
                                                    vepstein@berkeattys.com


                                                    FAIN, MAJOR & BRENNAN, P.C.

                                                    By: _____/s/ Gene A. Major_____
                                                    Gene A. Major
                                                    GA Bar No. 466650
                                                    Attorney for Defendants
                                                    100 Glenridge Point Parkway, Suite
                                                    500
                                                    Atlanta, Georgia 30342

## <u>LOCAL RULE 7.1(D) CERTIFICATE</u>

I hereby certify, pursuant to Local Rule 7.1(D), NDGa that the above *Answer to Verified Complaint and Counterclaim* was prepared using size 14 Times New Roman font as required by Local Rule 5.1(B), NDGa.

This 14th day of September, 2009.

By:   */s/ Mark D. Gropp*
      Mark D. Gropp
GA Bar No. 313355
Attorney for Defendants
300 Galleria Parkway, N.W., Suite 1000
Atlanta, Georgia 30339-5917
(770) 956-1700
mgropp@wshpc.net

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| THE BIG GREEN EGG, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 1:09-CV-1577-RLV |
| | ) | |
| HEARTHSIDE DISTRIBUTORS, | ) | JURY TRIAL DEMANDED |
| FIREPLACE COMPANY, and | ) | |
| CLEVELAND GAS PRODUCTS | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and complete copy of the foregoing *Answer to Verified Complaint and Counterclaim* and *Local Rule 7.1(D) Certificate* upon all counsel of record electronically using the CM/ECF email system with the Clerk of the Court in accordance with LR 5.1B using Times New Roman 14 point font and properly addressed to the following:

Cary Ichter, Esq.
R. Scott Griffin, Esq.
Teddy Finnerty, Esq.
Allen L. Greenberg, Esq.
Adorno & Yoss, LLC
Two Midtown Plaza
1349 W. Peachtree Street, Suite 1500
Atlanta, GA  30309
cichter@adorno.com
rsgriffin@adorno.com

21

tfinnerty@adorno.com
agreenberg@adorno.com

This 14th day of September, 2009.

By: ___/s/ Mark D. Gropp_____
       Mark D. Gropp
GA Bar No. 313355
Attorney for Defendants
300 Galleria Parkway, N.W., Suite 1000
Atlanta, Georgia 30339-5917
(770) 956-1700
mgropp@wshpc.net